Baldwin N. YOUNG and Dorothy L. Cousins as Joint Independent Executors of Estate of Kittie Nash Groce, Deceased, Plaintiffs,

v.

Robert L. PHINNEY, District Director of Internal Revenue, Defendant.

Civ. A. No. 1404.

United States District Court
W. D. Texas,
Austin Division.
April 12, 1966.

Thompson, Coe, Cousins & Irons, Dallas, Tex., Fred B. Werkenthin, Herring & Werkenthin, Austin, Tex., for plaintiffs.

Ernest Morgan, U. S. Atty., San Antonio, Tex., Robert L. Waters, Atty., Tax Division, Dept. of Justice, Ft. Worth, Tex., for defendant.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

### FINDINGS OF FACT

SPEARS, Chief Judge.

The Court having considered the stipulations, as well as the Last Will and Testament of the testatrix, Kittie Nash Groce, and having considered the briefs and arguments of counsel, makes the following findings of fact and conclusions of law:

The testatrix, Kittie Nash Groce, died testate on December 3, 1957. The plaintiffs, Baldwin Nash Young and Dorothy Long Cousins, qualified as joint-independent executors of the estate of the testatrix and the Will was admitted to probate pursuant to order of the County Court of Brazoria County, Texas, on December 30, 1957. On October 15, 1958, plaintiffs filed the United States Estate Tax Return for the Estate which showed a liability of $252,702.22, which was paid on January 21, 1959. The filing of the return and the payment of tax were made within the time prescribed by law. The Estate Tax Return was then examined by agents of the Commissioner of Internal Revenue, resulting in a determination by the Commissioner of a deficiency in the estate tax of $66,864.62 plus interest of $6,809.95. On November 14, 1960, plaintiffs paid the amount of the deficiency plus the interest, and on November 13, 1962, filed a timely claim for refund in the amount of $66,864.62 plus interest. After disallowance of the claim for refund by the Commissioner, the plaintiffs filed suit for $15,456.31, together with interest thereon, being the amount of the tax attributable to the disallowance of $47,411.99 from the deduc-tion for the charitable bequest of $300,-000.00.

Paragraph VII of the Will was a charitable bequest to three trustees in the sum of $300,000.00, for the purpose of construction and maintenance of a charitable hospital in the vicinity of West Columbia, Texas. This hospital is to be a nonprofit organization and for charitable purposes only.

Paragraph VIII of the Will provided that the residue of the estate shall be divided into three equal portions and bequeathed to three named beneficiaries for their respective lives. At the termination of the life estates, one-half of the remainder is to pass to the trust created in Paragraph VII and one-half as provided in Paragraph VI. The remainder of the Paragraph contained general language referring to "any trustee appointed and serving under this Paragraph".

Paragraph IX of the Will provided, in part, that the executors are to pay the bequest contained in Paragraphs II and III as soon after testatrix' death as possible and regardless of whether her estate is sufficiently liquid to pay death taxes; and further provided that:

"my Executors may delay the payment of the bequest contained in Paragraph VII until they are reasonably able to provide the same without sacrificing my estate provided that they shall not have longer than five years after my death in which to provide the trustees named in said Paragraph VII with either the funds provided therein or securities satisfactory to said trustees; and if said Executors should fail either to deliver said funds or satisfactory securities within said five year period, the Executors heretofore named shall have no further power or authority over my said estate and the trustees named in Paragraph VII shall succeed said Executors as Executors of my estate, with full power and authority to wind up my estate in the same manner as if they had been originally appointed as Executors and they shall serve in that capacity with-

out bond and independent of the Probate Court."

All debts, funeral expenses and all specific bequests except the $300,000.00 bequest provided by Paragraph VII of the Will were satisfied by payment within 120 days after testatrix' death. The $300,000.00 bequest provided by Paragraph VII of the Will was paid on November 27, 1962. The funds used in payment of the bequest were obtained by the Executors by selling substantially all of the personal property of the estate and by borrowing on November 27, 1962, the sum of $150,000.00 from the First City National Bank of Houston, Texas.

In computing the federal estate tax liability on this estate, the plaintiffs deducted from the gross taxable estate the sum of $300,000.00 as a charitable bequest by reason of the provisions of Paragraph VII of the Will. The Commissioner reduced the deduction for a charitable bequest made under Paragraph VII from $300,000.00 to $252,588.01, by applying a factor of .84197 to $300,-000.00, that being the Commissioner's computation of the present value at the date of death of a bequest payable at the end of five years, claiming it to be a bequest which was deferred by the Will for a period of five years from the date of death. It was on this basis that the additional federal estate taxes were assessed.

### CONCLUSIONS OF LAW

This Court has jurisdiction.

Any apparent ambiguities contained in Paragraphs VIII or IX of the testatrix' Will do not present fact issues for a jury to decide, but are reconciled and resolved by a consideration of the entire Will clearly reflecting the intentions of the testatrix. The bequest under Paragraph VII to the trustees for the establishment of a charitable hospital was a charitable bequest, and was not by the terms of the Will deferred or delayed in its payment or conditioned so as to defeat or limit its payment. The language of Paragraph IX providing that the executors may delay the payment of the bequest contained in Paragraph VII not longer than five years after the death of the testatrix did not require that payment be made five years from the date of death and no sooner, but merely limited the extent of time in which payment could have been made. The specific bequest vested and was due and payable immediately after the death of the testatrix. Section 2055, Internal Revenue Code of 1954, as amended, and Treasury Regulations, Section 20.2055–2(a) are not applicable here.

The provision in Paragraph VIII of the Will, reading as follows:

> "Any trustee appointed and serving under this paragraph, in addition to those powers herein expressly given, shall have all the powers now given to trustees under the Texas Trust Act and shall have the right to invade the corpus in any manner deemed advisable for the benefit of the beneficiary",

necessarily applies to Paragraph VII of the Will since no trust is established under Paragraph VIII, and therefore, said quoted paragraph does not permit any trustee to invade any portion of the charitable trust left under Paragraph VII for the use and benefit of the life tenants, or any other person other than the charitable organization described in Paragraph VII.

### JUDGMENT

On this the 12th day of April, 1966, the Court having considered the stipulations of the parties, the Last Will and Testament of the testatrix, Kittie Nash Groce, as well as the briefs and arguments of counsel, and having made the findings of fact and conclusions of law which accompany this judgment, it is,

Ordered, adjudged and decreed that the plaintiffs have and recover from the defendant the sum of $15,456.31, together with interest thereon from March 3, 1959, and costs of court.